UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GHALEB AZROUI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:21-CV-01101 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| PAULA WALEGA, RON OHR, | ) | |
| JUDY BERGER, and RENEE SUZIA, in | ) | |
| their capacities as Directors of the Board | ) | |
| of Avenue One Management Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Back in 2020, Galeb Azroui was an owner of a condo unit at Catherine Court Condominiums. R. 20, Second Am. Compl. ¶ 2.[1] A tree on the condo building's ground fell on his car in June 2020. *Id.* ¶ 9. The condo Board refused to pay for the damage, and Azroui sued the Board in state court, alleging a violation of an Illinois law governing condominiums (apparently 765 ILCS 605). R. 42-1, Defs.' Stay Mot. Group Exh. C at 25. A few weeks later, he filed this suit here in federal court, alleging that the Defendants violated the Fair Housing Act by discriminating against him on several occasions. Second. Am. Compl. ¶¶ 2–13.[2] Only one of those claims survived a dismissal-motion decision issued by the previously assigned judge. The sole surviving claim is that the Defendants refused to pay for the damage caused to Azroui's car by

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2]The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367.

1

the fallen tree branch allegedly based on Azroui's national origin (he is from Jordan). R. 18, Mem. Op. at 5. The Defendants then moved to stay the federal suit, in light of the ongoing state court suit arising out of the same tree-versus-car damage. R. 42, Defs.' Stay Mot. For the reasons set forth below, the stay motion is granted given the overlap and procedural posture of the state court suit.

## I. Background

The Court accepts the complaint's allegations as true for purposes of deciding the stay motion. In 2020, Galeb Azroui owned a condominium unit at Catherine Court Condominiums (in July 2020, he transferred ownership to his sister). Second Am. Compl. ¶ 6. During the time that Azroui owned the unit, Catherine Court Condominiums was managed by Avenue One Management Corporation. *Id.* ¶ 1. At the time (and apparently still), Paul Walega, Ron Ohr, Judy Berger, and Renee Suzia were directors of the Board of Avenue One. R. 47, Defs.' Answer.

Azroui encountered various problems during his time at Catherine Court. In 2015, the drainpipes in the garage were damaged; despite alerting the building's management, the drainpipes were not fixed and they flooded, allegedly causing damage to Azroui's unit. Second Am. Compl. ¶ 7. In 2019, Azroui thrice reported to management that the glass on his front door was broken, but management did nothing. *Id.* ¶ 8. And, as noted earlier, in June 2020 (before Azroui transferred the unit), tree branches fell from a tree at the condo complex and struck Azroui's car. *Id.* ¶ 9.

The transfer of ownership did not end the disputes. Two more incidents happened in February 2021; at that time, Azroui no longer owned the unit but he was

2

still renting it from his sister. Second Am. Compl. ¶¶ 9–11. First, a contractor hired by Avenue One came to work on Azroui's (or, more precisely, his sister's) door, but glue got stuck on the lock, preventing Azroui from opening the lock. *Id.* ¶ 9. Management ignored Azroui's requests to replace the lock and to identify the contractor responsible for the damage. *Id.* Second, Azroui asked management to fix his faucet. *Id.* ¶ 11. Avenue One sent someone to fix it, but the maintenance was performed incorrectly. *Id.* Azroui also contends that the repairperson treated Azroui in a disrespectful way. *Id.* Avenue One did not respond to Azroui's complaint about the repairperson's behavior. *Id.*

On February 4, 2021, Azroui filed a complaint in the Circuit Court of Cook County against Paula Walega and Avenue One Management Corporation for, among other things, the damage caused to Azroui's car in June 2020. R. 42-1, Exh. A, State Compl. at 25. Azroui alleges that the damage was caused by Avenue One's failure to trim the tree before it fell. *Id.* The complaint also alleges that Avenue One ignored Azroui's requests to trim the tree, and seeks damages in the amount of $2,882.88. *Id.* The apparent Illinois state law basis for the claim is 765 ILCS 605. *Id.* Discovery closed on the state court case on February 22, 2022. R. 42-1, Defs.' Stay Mot. Exh. B at 16. More recently, in January 2023, the parties participated in mandatory arbitration as required by the state court, and the arbitrator held in the defense's favor. R. 70, Defs.' Status Report at 2; R. 71, Pl.'s Status Report at 1–2. Not surprisingly, Azroui disagreed with the adverse award, and is invoking his right to trial. Pl.'s Status Report at 2.

3

Going back in time to 2021, after filing the state court action on February 4, 2021, Azroui then filed this federal lawsuit a few weeks later on February 22. R. 1, Compl. Here in federal court, Azroui asserts claims against the Defendants under the Fair Housing Act, 42 U.S.C. § 3604(b), alleging national-origin discrimination against Avenue One's Board of Directors. Second Am. Compl. ¶¶ 2–13. He seeks $90,000 in compensatory and emotional distress damages. *Id.* ¶ 14. The previously assigned judge dismissed four out of five of the claims. Mem. Op. at 5. The claim that remains is the refusal to pay for the June 2020 tree damage. *Id.* The Defendants have moved to stay the federal lawsuit in favor of the case filed in Illinois state court. Defs..' Stay Mot. at 1. (Discovery has been stayed while this motion was pending.)

## II. Legal Standard

Generally speaking, federal courts have an "unflagging obligation" to exercise jurisdiction over cases in which subject matter jurisdiction applies. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). But a "federal court may stay a suit in exceptional circumstances when there is a concurrent state proceeding and the stay would promote 'wise judicial administration.'" *Clark v. Lacy,* 376 F.3d 682, 685 (7th Cir. 2004) (quoting *Colorado River,* 424 U.S. at 818). The threshold issue is whether the federal and state suits are truly parallel. *Id.* "Once it is established that the suits are parallel, the court must consider a number of non-

4

exclusive factors that might demonstrate the existence of exceptional circumstances." *Id.* (cleaned up).[3] Typically, federal courts consider ten things:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*Id.* In applying the factors, the "district court is given the discretion to apply more significant weight and analysis to those factors that are most relevant to the case at hand." *Freed v. J.P. Morgan Chase Bank*, 756 F.3d 1013, 1021 (7th Cir. 2014). Like many balancing tests, "no one factor is necessarily determinative," and the "weight to be given any one factor is determined solely by the circumstances of the particular case—there is no mechanical formula by which to determine when a stay is appropriate." *Clark*, 376 F.3d at 687 (cleaned up). Tie-breakers work in favor of moving forward in federal court: put another way, in light "of the presumption against abstention, absent or neutral factors weigh in favor of exercising jurisdiction." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 648 (7th Cir. 2011).

---

[3]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

### III. Analysis

The first question is whether the federal and state court lawsuits are truly parallel. To figure out the answer, this Court asks whether "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Huon,* 657 F.3d at 646 (cleaned up). It helps to look at the potential end result: if there is a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case," whether the plaintiff wins or loses, then the cases are parallel. *Id.* If the two suits are not parallel, then the *Colorado River* analysis stops there, and abstention is not proper. *Id.*

In this case, the parties in the federal and state suits are identical, and both suits arise from the same incident, that is, the tree damage to Azroui's car arising out of Avenue One's alleged failure to trim the tree. It is true that the federal suit is premised on (quite naturally) a federal law, the Fair Housing, 42 U.S.C. § 3604(b), whereas the state court suit relies on an Illinois statute, 765 ILCS 605. But to determine whether the suits are parallel or not, the key question is *not* the legal premise for the disparate claims, but rather whether the state court claim would dispose of the federal claim. In this case, the answer is yes. Both the state and federal suits rely on the claim that the Defendants have an obligation to pay for the tree damage. In the state case, Azroui says state law required the payment, and in this case, Azroui says that the Defendants refused to make the state-law-required payment because of his national origin. If the state court (or state jury) finds that there is no duty for the Defendants to pay, then the Fair Housing Act claim—which is premised on a refusal

6

to pay due to national origin—cannot survive. Because the federal case is controlled by the outcome of the state case, the suits are parallel.

But that does not end the inquiry. Given the strength of the presumption to exercise federal jurisdiction, even if suits are parallel, a stay is not automatic. To evaluate whether to stay the case, the Court next considers the *Colorado River* factors.

**Property.** The first factor asks "whether the case concerns rights in property, and if so, whether the state has assumed jurisdiction over that property." *DePuy Synthes Sales, Inc. v. OrthoLA, Inc.*, 953 F.3d 469, 477 (7th Cir. 2020). Because the cases do not involve a property-ownership dispute, this factor does not favor a stay.

**Convenience.** The second factor looks at the inconvenience (or convenience) of the federal forum. *Id*. Here, both the federal and state court forums are located in Chicago and both sides are located in Chicago. *See* Second Am. Compl. ¶ 2. So the federal and state forums are equally convenient. *See Freed*, 756 F.3d at 1021–22.

**Avoiding Piecemeal Litigation.** The third factor serves the purpose of "avoiding 'piecemeal' or broken-up proceedings." *DePuy Synthes Sales,* 953 F.3d at 477. As described by the Seventh Circuit, "piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Laduke v. Burlington N. R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989). The primary danger of piecemeal litigation is the specter that one court may decide the issue inconsistently from the other court. *See Tyrer v. City of S. Beloi, Ill.,* 456

7

F.3d 744, 756 (7th Cir. 2006). This could create a conflict between the two forums, and even subject litigants to inconsistent legal obligations and judgments.

Here, as discussed earlier, the federal action is premised on the claim in the state action, that is, that Avenue One had a legal duty to pay for damage to Azroui's car. The add-on claim here in federal court is that Avenue One allegedly refused to carry out that state-law-based legal duty due to national-origin discrimination. Absent a stay of the federal case, the embedded premise—that is, that Avenue One has a duty under state law to pay for the damage—would be litigated in both forums, thus posing the danger of inconsistent judgments. Even if both forums were to arrive at the same answer, there would be duplication of effort by the litigants and courts. A stay avoids the risk of inconsistency and saves litigant and judicial resources, so this factor significantly weighs in favor of a stay.

**First Filed.** The fourth factor asks which case was filed first. *Tyrer*, 456 F.3d at 756. The first filing is favored. *DePuy Synthes Sales*, 953 F.3d at 478. Here, Azroui filed in state court a few weeks before filing in federal court, so this factor weighs in favor of abstention.

**Governing Law.** The fifth factor considers whether the source of governing law is federal law or state law. *Loughran v. Wells Fargo Bank, N.A.*, 2 F.4th 640, 647 (7th Cir. 2021). This factor weights modestly in favor a stay. The source of law governing the national-origin discrimination claim is the Fair Housing Act, 42 U.S.C. § 3604(b), which (obviously) is a federal statute. But the source of law governing the underlying car-damage claim is the Illinois Condominium Property Act, 765 ILCS

8

605. It is true that both state law and federal law govern the respective claims, but remember that the state-law-based duty to pay is embedded in *both* the state court case and this federal court case. Generally speaking, our federalist system prefers that state courts decide state law claims. So this factor tips in favor of a stay.

**Adequacy of State Forum.** The sixth factor concerns the adequacy of the state court action to protect the plaintiff's federal rights. *Loughran*, 2 F.4th at 647. Here, this factor weighs somewhat against abstention. Because there is a federal law claim that was not asserted in the state court case, the state court would not be able to address Azroui's Fair Housing Act claim. Having said that, if the state court finds in favor of Azroui on the duty to pay, then the federal claim could move forward at that point here in federal court (with a key issue already having been decided).

This case is similar to *Loughran v. Wells Fargo Bank*, in which the plaintiffs asserted a federal law claim that could only be decided in federal court, but the federal claims in turn were dependent on state law claims, which were brought in state court first. 2 F.4th at 647. In *Loughran*, the Seventh Circuit affirmed a stay despite the fact that the federal claim was brought only in federal court. *Loughran* reasoned that if the state law claims survived the state court suit, then the plaintiffs could revive the federal action and present their federal claims for decision. *Id*. So the plaintiffs' federal rights would be protected if the plaintiffs prevailed in state court.

So too here. As explained earlier in this Opinion, Azroui's discrimination claim depends on a victory on the underlying (and pending) state law claim. If Azroui wins on the state law claim, then he could revive the federal case and litigate the federal

9

claim, with the underlying duty to pay having been established. So, although this factor weighs against abstention, the weight is modest because Azroui will have his day in court on the federal claim if the underlying duty is established in state court.

**Relative Progress.** The seventh *Colorado River* factor examines the relative progress of the state and federal proceedings. *DePuy Synthes Sales,* 953 F.3d at 477. This factor weighs in favor of abstention. The state court suit is much, much further along than the federal case. The parties engaged in discovery and, indeed, discovery is now closed in the state court case. R. 42-1 at 16. No discovery has happened in the federal case. As noted earlier, the parties engaged in mandatory arbitration, with Azroui rejecting the outcome (in the defense's favor) and demanding trial. Pl. Status Report at 2. This federal case is nowhere near trial. The relative progress favors a stay.

**Concurrent Jurisdiction.** The eighth factor considers the presence or absence of concurrent jurisdiction. *Tyrer*, 456 F.3d at 756. In this case, this factor weighs slightly against abstention. Although the state courts are "co-equal partners with the federal courts when it comes to protecting federal rights," *DePuy Synthes Sales,* 953 F.3d at 479,Azroui did not bring the federal Fair Housing Act claim in state court. He could have, but he did not, and given that discovery is closed on the state court action, it is virtually guaranteed that the state court will not be exercising concurrent jurisdiction over the federal claim. Having said that, given the embedded state law claim, this factor weighs only modestly in favor of abstention.

10

**Unavailability of Removal.** The ninth factor looks at the availability of removal. *DePuy Synthes Sales*, 953 F.3d at 477. The unavailability of removal favors a stay "because the purpose of this factor is to prevent litigants from circumventing the removal statute." *Loughran*, 2 F.4th at 650. Here, the Defendants were not able to remove the state court case to federal court because Azroui did not bring the federal discrimination claim in the state case—even though he could have. If the federal claim had been brought in the state court case, then the Defendants would have been able to remove the entire case to federal court. So the unavailability of removal weighs in favor of a stay, because Azroui prevented removal of the state claim to federal court.

**Vexatiousness.** The tenth and final *Colorado River* factor considers whether the federal action is vexatious or contrived. *Tyrer*, 456 F.3d at 756. The Defendants argue that Azroui brought the federal claim for vexatious or contrived reasons. Defs.' Stay Mot. at 6. From the defense perspective, Azroui already lost on four of the five federal claims, and he vexatiously multiplied the car-damage dispute by filing one claim in state court and one claim in federal court even though the claims arise out of the same incident. *Id*. On top of those, the defense argues, Azroui filed a second state court case seeking relief for the same damage. *Id*.

It is true that, ideally, Azroui would have consolidated the state and federal claims into a single case for a single forum to decide. But it is not clear that the federal discrimination claim can be labelled frivolous, given that Azroui alleges that the condo Board had a duty to pay but refused to do so on the basis of national origin.

11

What's more, Azroui filed the cases without attorney representation. So it is not apparent that he even knew that he could bring both of the claims in one forum. Also, the second state court suit, R. 42-1, Defs.' Stay Mot. Group Exh. C, appears to add factual details addressing Avenue One's duty to trim the tree, which are central to his claim and which he did not fully explain in the first complaint. Again, as a *pro se* litigant, Azroui is entitled to some leeway in fumbling how to plead the claims. This factor weighs against abstention.

**Overall Balance.** On balance, this case should be stayed in favor of the state case. It is true that a few of the pertinent factors weight against a stay. The state case would not directly resolve the federal claim in the sense that the state court could enter direct judgment on the federal claim, so in that sense the state court would be inadequate (Factor 6). Relatedly, the state court almost surely would not exercise concurrent jurisdiction (Factor 8) over the federal claim at this point, given that the state case is close to being ready for trial. But the goal of avoiding piecemeal litigation (Factor 3) and the state court's much farther progress (Factor 7) weigh heavily in favor of a stay, and those factors deserve greater consideration than some of the others. *See DePuy Synthes Sales*, 953 F.3d at 477. The significant cost imposed by piecemeal litigation and the significant progress made in the state case versus the federal case dictate that this case be stayed in favor of the state case.

### IV. Conclusion

The Defendants' motion to stay this case is granted. If the state court case eventually begins to drag on for whatever reason, then Azroui may move to lift the

12

stay. On March 23, 2023, the parties shall file a status report on the status of the state case.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 17, 2023

13